RECEIVED
IN LAKE CHARLES, LA
APR 29 2013
TONY R. MOORE, CLERK
BY_____ PAY
              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| LORI D. ROSS, ET AL | : | DOCKET NO. 2:12 CV 1250 |
| VS. | : | JUDGE MINALDI |
| SOUTHWEST LOUISIANA HOSPITAL ASSOCIATION, D/B/A LAKE CHARLES MEMORIAL HOSPITAL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a Motion to Certify a Collective Action Pursuant to Section 216(b) of the Fair Labor Standards Act, and to Approve a Proposed Notification to all Putative Class Action Members [Doc. 10], filed by the plaintiffs, Lori D. Ross, Courtney Conner, Franklin Shaw, Janis Reynolds, Tracy Collins, Sonya Meche, Angela Meche, Linda DeGroot, Tishla Bellard, Lloyd Hanks, Jacqueline Camalo, and Catherine Guillory. The defendant, Southwest Louisiana Hospital Association, d/b/a, Lake Charles Memorial Hospital ("LCMH") filed an Opposition [Doc. 12]. As the undersigned finds that the motion is fully briefed, it is ripe for review. For the foregoing reasons, the motion is GRANTED IN PART and DENIED IN PART.

### FACTS

This case arises from alleged alterations and/or reductions in payroll for employees at LCMH, in violation of the Fair Labor standards Act ("FLSA"), 29 U.S.C. 201, *et seq.* The plaintiffs initially filed this case in the Fourteenth Judicial Court, Parish of Calcasieu, on April 20, 2012, before LCMH timely removed it on the basis of federal question jurisdiction, 28 U.S.C. § 1331.

1

LCMH has two hospital campuses in Lake Charles: the Oak Park campus and the Gauthier campus. At LCMH, employees log into an electronic time-keeping system to keep track of their work hours. At the end of each pay period, the recorded information is obtained and processed by the employees' departmental supervisors, who then transmit the information to LCMH's payroll department.

Allegedly because departmental supervisors are rewarded with a bonus for coming in "at or under budget," the plaintiffs assert that their departmental supervisor was "shorting" them on their paychecks and not paying them for overtime hours worked. The plaintiff, Lori D. Ross, who worked at LCMH's Psychiatry Department at the Oak Park campus, was the first to notice these alleged discrepancies. She made a record of her total hours worked, and then compared that record to the total work hours credited after her supervisor, Misty Kelly, had processed her work hours information. Ross allegedly found that Kelly had shaved off approximately five hours of overtime pay from her paycheck for that pay period. Another plaintiff from the Psychiatry Department at the Oak Park Campus, Courtney Conner, similarly noticed discrepancies like Ross's in her paycheck.

The plaintiffs now move to certify a collective FLSA action. They request that the class be defined as "all current and former employees of [LCMH] at any time between April 20, 2009 to the present and who worked at any time more therein more than 40 hours per week, and who worked more hours than what was shown on pay stubs." This language is reflected in their Proposed Notice filed simultaneously with their motion.[1] LCMH has filed several objections to the plaintiff's Proposed Notice, and the undersigned will address each argument in turn.

---

[1] Plaintiff's Proposed Notice, [Doc. 10-5].

## CLASS CERTIFICATION STANDARD UNDER THE FLSA

Section 216(b) of the FLSA provides that an individual may maintain an FLSA action on "behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). Federal district courts are given discretion under the statute to certify a collective action of similarly situated employees and direct that notice of the litigation be sent to those employees. *Updite v. Delta Beverage Group, Inc.*, no. A 06-0593, 2006 WL 3718229 (W.D. La., Dec. 15, 2006). Unlike a traditional Rule 23 class action situation (in which members are automatically included), members of a collective action brought under the FLSA must "opt-in" because "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

The Fifth Circuit has recognized two methods by which a court can approve an FLSA collective action, but has not expressly adopted either as the proper method to certify a FLSA action. *See Mooney v. Aramco Serv. Co.*, 54 F.3d 1207, 1214 (5th Cir.1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). Under the first approach, FLSA collective action certification is the same as class certification under to Rule 23: a plaintiff must establish numerosity, commonality, typicality, and representativeness before notice is sent to the potential class members. *Shushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263, 266–67 (D.Colo.1990).

The second approach, which has been used by the majority of district courts in this circuit,[2] addresses the "similarly situated" requirement in a two-step analysis. *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987). In the first step, commonly referred to as the "notice"

---

[2] *See, e.g., Treme v. HKA Enterprises, Inc.*, no. 07-1134, 2008 WL 941777 (W.D. La., April 7, 2008); *Lopez v. Sam Kane Beef Processing*, no. CC-07-335, 2008 WL 565115 (S.D.Tex., Feb. 29, 2008); *Clary v. Southwest Airlines*, no. 3:07-CV-0126-P, 2007 WL 4947690 (N.D. Tex., Dec. 12, 2007); *Gallender v. Empire Fire & Marine Ins. Co.*, no. 5:05cv220, 2007 WL 325792 (S.D. Miss., Jan. 31, 2007); *Updite.*, 2006 WL 3718229; *England v. New Century Fin. Corp.*, nos. CIV.A.03-360, CIVA.A.04-216, 370 F.Supp.2d 504 (M.D. La. 2005).

3

stage, "the district court makes a decision-usually based only on the pleadings and affidavits which have been submitted-whether notice should be given to potential class members." *Id.* at 1213–14. The second stage is normally precipitated by a motion to decertify the class filed by the defendant upon substantial completion of discovery, in which the court conducts a more searching inquiry on the numerosity, commonality, typicality, and representativeness of the parties. *Id.* As the majority of district courts in this circuit have adopted the *Lusardi* two-step approach, the undersigned will proceed under this analytical framework as well.

As one court in this district succinctly summarized, in discussing the "notice" stage:

> Under *Lusardi*, the plaintiff bears the burden of making a preliminary factual showing that at least a few similarly situated individuals exist. While the burden imposed is not particularly heavy, conditional certification is by no means automatic. *See Badgett v. Texas Taco Cabana, L.P.*, 153 Lab.Cas.P. 35,224 (S.D.Tex .10/12/2006) (Miller, J.) (stating that, of the 115 FLSA actions filed in the Southern District of Texas purporting to be collective actions, only 17 were certified as such). While a plaintiff need only demonstrate a reasonable basis for the allegation that a class of similarly situated persons may exist, *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir.1996), at least some evidence beyond unsupported factual assertions of a single decision, policy, or plan must be presented. *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F.Supp.2d 793, 798 (E.D.La.6/27/2007) (Fallon, J.); *Badgett*, 153 Lab.Cas.P. 35,224 at *2; *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D.Tex.6/23/1999) (Cobb, J.). Otherwise, the plaintiff's motion must be denied.

*Treme*, 2008 WL 941777 at *2.

## LAW & ANALYSIS

### I.  Objection to Scope of Class

In this motion, the main contention seems to center around not *whether* the court should grant class certification, but the *scope* of the class. In their motion and Proposed Notice, the plaintiffs request a relatively broad scope for the class: namely, all current and former employees at LCMH, from any time from April 20, 2009 to the present, who worked over forty hours a

week and who worked more hours than shown on their pay stubs. LCMH counters that the plaintiffs' request is overly broad, since, based on the affidavits provided, only employees of the Psychiatry Department at the LCMH Oak Park campus appear to be affected by the alleged FLSA violations. As such, LCMH argues that if certification of a collective action is proper, it should be limited to employees of the LCMH Oak Park campus's Psychiatry Department.

The plaintiffs have only provided affidavits from Ross and Conner, employees of the LCMH Oak Park campus's Department of Psychiatry, to show violations of the FLSA.[3] Further, according to affidavits provided by LCMH, the "Human Resources Department has not been presented with nor has it otherwise received any evidence of payroll discrepancies" similar to those alleged by employees in the Oak Park campus's Psychiatric Department.[4] The plaintiffs did not submit a reply memorandum to contest this information.

The undersigned is persuaded by the case law cited by LCMH in which the court conditionally certified a class of employees, but limited its scope, because the plaintiffs requested certification of an overly broad class. *See Chabrier v. Wilmington Fin., Inc.*, no. CIV.A. 06-4176, 2006 WL 3742774 (E.D. Pa., Dec. 13, 2006) (granting motion to certify collective action but only to the limited extent that plaintiffs sought certification of employees at the company's Cincinnati office, and not other office locations). Accordingly, the court will grant conditional certification, but will limit the scope to all current and former employees who

---

[3] *See* Aff. of Lori Ross, [Doc. 10-3], at ¶ 2; Aff. of Courtney Conner, [Doc. 10-4], at ¶ 2. Ross also provided a timesheet to show discrepancies in hours worked and hours reported by her supervisor. *See* Timesheet, [Doc. 10-3], at pp. 5 – 6.

[4] Aff. of Mary Matte, [Doc. 12-1] at ¶ 6; Aff. of Ginger Consigney, [Doc. 12-3], at ¶ 6.

worked at LCMH in the Oak Park campus's Psychiatric Department for more hours than what was shown on their pay stub and worked at any time more than forty (40) hours per week.

## II. Objection to Notice Period

LCMH also takes issue with when the notice period should commence. It asserts that instead of the plaintiffs' suggested start date of April 20, 2009, the notice period should commence, at the earliest, three years prior to the court's approval of notice.

A cause of action under the FLSA "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). Courts in the Fifth Circuit have recognized that class certification is appropriately limited to workers employed by the defendant up to three years before notice is approved by the court. *See Watson v. Travis Software Corp.*, no. H-07-4104, 2008 WL 5068806, at *8 (S.D. Tex., Nov. 21, 2008); *accord, Quintanilla v. A & R Demolitina, Inc.*, No. 04-1965, 2005 WL 2095104, at *16 (S.D. Tex., Aug. 30, 2005). In accordance with the controlling law, the undersigned agrees that the notice period should commence three years prior to the date of this court approving the notice.

## III. Objection to Section 7 of the Plaintiff's Proposed Notice

"Out of an abundance of caution," LCMH objects to section 7 of the plaintiffs' Proposed Notice, which reads: "FEDERAL LAW PROHIBITS THE PLANTATION GENTLEMEN'S CLUB OR ANY OF ITS OWNERS OR MANAGERS FROM DISCHARGING YOU OR IN ANY OTHER MANNER RETALIATING AGAINST YOU BECAUSE YOU HAVE

EXERCISED YOUR RIGHTS UNDER THE FAIR LABOR STANDARDS ACT."[5] The mention of the Plantation Gentlemen's Club clearly appears to be a typographical error, and thus should be corrected in the amended notice to reflect the appropriate party.

### IV. Objection to Proposal that Consent Forms be Filed without Opposition by LCMH

LCMH next objects to the plaintiffs' proposal that, after "opt in" consent forms are returned to the plaintiffs' counsel, the forms should be filed without opposition by LCMH. LCMH appears to wish to reserve the right to object to specific individuals that may file a consent form who do not fall within the class definition provided in the notice or who have already executed a valid release of his or her claims against LCMH. The undersigned notes that this request is premature, but that LCMH may object, if the issue presents itself, to any parties who improperly "opt in" to the collective action.

### V. Objection to Plaintiffs' Request for a Protective Order

Finally, LCMH objects to the plaintiff's request that the court issue a protective order prohibiting LCMH "from retaliating or attempting to coerce individuals receiving this Notice into not opting into the case." The plaintiffs' request is based on the allegation that LCMH personnel have met with putative class members, attempting to persuade these employees to take cash settlements instead of join the suit. LCMH counters that its meetings with these employees are "generally allowed" and that, contrary to the plaintiffs' assertions, the meetings do not involve "coercion" or "brow beating." It asserts that the Human Resources Department and the Accounting Department have been involved in investigating and auditing the alleged payroll issues in a good faith effort to rectify them. It further asserts that it provided all employees a

---

[5] [Doc. 10-5] at § 7.

"Notification" to inform each employee of this lawsuit and establish that the employee "choos[es] to participate in the lawsuit, [he or she] will not be discriminated or retaliated against by LCMH."[6]

In *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 S.Ct. 2193 (1981), the Supreme Court addressed whether it was appropriate for a district court to "impose sweeping limitations on communications by named plaintiffs and their counsel to prospective class members" in a Rule 23 class action proceeding. *Id.* at 99. The Court held that while district courts had broad discretion to exercise control over a class action, this discretion was "not unlimited, and indeed is bounded by the relevant provisions of the Federal Rules." *Id.* at 100 (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974)). Concluding, the Court held that

> an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties. Only such a determination can ensure that the court is furthering, rather than hindering, the policies embodied in the Federal Rules of Civil Procedure, especially Rule 23.

*Id.* at 101 – 02.

While this is a FLSA collective action instead of a Rule 23 class action, the same considerations apply. *See Nogueda v. Granite Masters*, No. 2:09-CV-374, 2010 WL 1521296 (N.D. Ind., Apr. 14, 2010) (holding that FLSA collective action member's request that a protective order be issued preventing defendant from communicating with potential class members would not be granted because it was based on the bare allegation, without any proof, that the defendant would retaliate against employees).

---

[6] "Notification," [Doc. 12-2].

In this case, the plaintiffs have offered no proof that LCMH has retaliated against employees who have joined or are interested in joining the collective action here. Instead, they have only offered proof that LCMH has attempted to settle these claims outside of the courtroom. Further, LCMH has provided all employees with a Notification, letting them know that they will not be retaliated against for joining the collective action. This court therefore does not have a "clear record" weighing in favor of the need for a protective order. Accordingly,

**IT IS ORDERED** that the plaintiffs' Motion to Certify a Collective Action Pursuant to Section 216(b) of the Fair Labor Standards Act and to Approve a Proposed Notification to all Putative Class Action Members is **GRANTED IN PART** and **DENIED IN PART**. Insofar as the motion seeks conditionally to certify a collective action for all current and former employees of LCMH who were employed at the Oak Park campus's Psychiatric Department during the past three years from the date of this court's approval of certification, it is **GRANTED**; insofar as the motion seeks conditionally to certify a collective action for any other employees of LCMH for a broader time period, it is **DENIED**. The parties are to issue an amended Notice to all members of the class in accordance with the dictates of this Memorandum Order.

**IT IS FURTHER ORDERED** that the plaintiff's request for a protective order is **DENIED**.

Lake Charles, Louisiana, this _26_ day of _April_ 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE